UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARYAM GHORIESHI<br>601 Jan Court<br>Hazle Township, PA 18202<br><br>*Plaintiff,*<br>vs.<br><br>PENNSYLVANIA STATE<br>UNIVERSITY – HAZELTON<br>CAMPUS<br>76 University Drive<br>Hazelton, PA 18202<br><br>*Defendant.* | ELECTRONICALLY FILED<br><br>No.:<br><br>Judge:<br><br>Civil-Action Law<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW,** come the Plaintiff, Maryam Ghorieshi, by and through her attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.    Plaintiff initiates this action to seek redress against Pennsylvania State University – Hazelton Campus, (hereinafter "Defendant" or "PSU"), her former employer, for unlawful discrimination in violation of the Age Discrimination and Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII), and other applicable laws.

### II. PARTIES

2.    Plaintiff is an adult and competent individual residing at 601 Jan Court, Hazle Township, PA 18202.

3.      Defendant is PSU, a corporation authorized to do business in the state of Pennsylvania, with offices for the purpose of conducting its business at 76 University Drive, Hazelton, PA 18202.

### III. JURISDICTION AND VENUE

4.      Defendant is an "employer" within the meaning of the Age Discrimination and Employment Act and the Civil Rights Act of 1964, as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.      Defendant maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four of more employees).

6.      Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.      Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

8.      Plaintiff has exhausted her administrative remedies, having received an EEOC Dismissal and Notice of Rights dated May 9, 2016, a copy of which is attached hereto as exhibit "A".

### IV. FACTUAL BACKGROUND

9.      Plaintiff began her work with the Defendant in 1992, at which time she was hired as a full-time faculty member in the engineering department.

10.     Plaintiff was employed by Defendant under a full-time, multi-year contract (herein referred to as FTM) that renewed every 3 years during her 21 years working for defendant.

11.     Plaintiff at all times relevant hereto was a member of the suspect classes, having been born April 1, 1959, and a woman.

12.     On May 29, 2014, Plaintiff met with the school's chancellor, Dr. Gary Lawler, Dr. Elizabeth Wright, DAA, and Ms. Lorrie Deffley, HR. At the meeting, Defendant informed plaintiff that they were not going to renew her contract, effectively terminating her employment with Defendant.

13.     On May 30, 2014, Plaintiff spoke with her boss, Director of Engineering Technology and Commonwealth Engineering at PSU, Dr. Ivan E. Esparragoza, about her meeting the day before. He had no prior knowledge about her termination and was shocked to hear that Plaintiff's contract was not being renewed.

14.     Prior to receiving news of her termination, Plaintiff's courses were already scheduled for Fall 2014, and Spring 2015.

15.     At the time of Plaintiff's termination, Plaintiff was only 4 years away from retirement and receiving retirement benefits.

16.     Plaintiff's work was divided between Plaintiff's former student, a substantially younger, far less credentialed, and less qualified male, and a second substantially younger male faculty member.

17.      Plaintiff was, at all times relevant hereto, the only woman in the Engineering Department.

18.     During her employment plaintiff was separated from her male colleagues and placed in a shared office space with a Professor from a different discipline. Plaintiff's male colleagues all had their own offices.

19.     During her time in the Engineering Department, plaintiff would often hear comments from her colleagues, such as, they were in the "good old boy's club."

20.     During plaintiff's 21 years with Defendant, preference was given to Plaintiff's male colleagues by the Director of Academic Affairs.

21.     During her time in the Engineering Department, plaintiff's established courses were often given to her male colleagues and Plaintiff was assigned new classes, resulting in an increased workload to the Plaintiff, without any salary increase.

22.     The Plaintiff was not given any reason for her termination and was replaced by two substantially younger males.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

23.     Paragraphs 1 through 22 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

24.     Plaintiff is a member of the suspect class being over 40 years old at all times relevant hereto.

25.     Plaintiff was four years away from retirement at the time of her termination.

26.     Plaintiff's contract was terminated on the basis of her age.

27.     The employer has not offered, nor did the employer have a legitimate non-discriminatory reason for Plaintiff's termination.

28.     In fact, the Defendant provided the Plaintiff with no reason for her termination.

29.    The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

30.    As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II
## GENDER DISCRIMINATION
## DISPARATE TREATMENT

31.    Paragraphs 1 through 30 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

32.    The Plaintiff is a female.

33.    Plaintiff at all times relevant hereto performed her job is a satisfactory manner.

34.    The Plaintiff during her employment was treated differently than her male counterparts.

35.    The Plaintiff's contract was not renewed, hence terminating her employment on the basis of her female gender.

36.    The Defendant replaced Plaintiff with less qualified males.

37.    As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

38.    Paragraphs 1 through 37 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

39.    The forgoing conduct by the defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

40.    As a result of the Defendant's unlawful discrimination, plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in her favor as follows:

a.    The Defendant be permanently enjoined form permitting ADEA discrimination against the Plaintiff;

b.    The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.    The Defendant be permanently enjoined form permitting gender discrimination against the Plaintiff;

d.    The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting gender discrimination and be ordered to promulgate an effective policy against such illegal practices;

e.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make her whole for any and all pay and benefits she would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

g.     Plaintiff is to be awarded compensatory damages for the pain, suffering and emotional harm caused by Defendants illegal conduct;

h.     Plaintiff is to be awarded damages to compensate her for the increased taxation of a lump sum award;

i.     Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

j.     Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

k.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law;

l.     Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage in further, or ceases engaging in, illegal retaliation against Plaintiff or other witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:     s/*Gerald J. Hanchulak*

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorneys for Complainant

604 South State Street

Clarks Summit, PA   18411

(570) 319-6642

ghanchulak@hanchulaklaw.com